**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

LUIS LOPEZ,

    Plaintiff,

vs.

BAYCARE HEALTH SYSTEM, INC.,

    Defendant.

Case No. _____

Division: _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUIS LOPEZ ("Lopez"), by and through his undersigned attorneys, hereby sues Defendant, BAYCARE HEALTH SYSTEM, INC., a Florida not-for-profit corporation, ("BayCare"), and alleges as follows:

### Nature of Action

1. This is an action for unpaid overtime compensation, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA"), in which damages exceed $15,000, as well as declaratory relief and all other relief this Court deems just and proper.

### Jurisdiction and Venue

2. This Court has original jurisdiction of Plaintiff's cause of action pursuant to the FLSA, 29 U.S.C. §216(b) and Florida Statute §26.012.

3. Venue is proper in this Court because substantial facts giving rise to the claims in this case occurred in Pinellas County, Florida.

## Parties

4.   Upon information and belief, BayCare is a not-for-profit health care system operating 15 hospitals throughout the Tampa Bay and central Florida regions and is an employer within the meaning of 29 U.S.C. §203(d).

5.   BayCare is an enterprise engaged in commerce as it operates as hospitals primarily engaged in the care of the sick, the aged, or the mentally ill. 29 U.S.C. § 203(s)(1)(B).

6.   Lopez is a citizen of the United States and a resident of Pasco County, Florida.

7.   At all times relevant to this matter, Lopez was employed by BayCare at 2995 Drew Street / BSO East, Clearwater, Florida 33759.

## Factual Allegations Common To All Counts

8.   Lopez began working for another company in November 2003 that BayCare subsequently took over. All BayCare records reflect 2003 as Lopez' hiring date. He currently serves as an Information Services Project Manager in the Project Management Department.

9.   Although he holds the title of Project Manager, his job duties more closely resemble that of an administrative assistant.

10.  His job duties essentially entail coordinating meetings, taking minutes, and filing the finalized master plan in the requisite database.

11.  He exercises no independent judgment.

12.  Once a project is assigned, Lopez contacts the managers from the technical teams and end-users to request them to assign personnel to the project. He does not participate in selecting a team for a particular project.

13.  Lopez then sets up a "Planning Meeting" wherein each group discusses the tasks that need to be completed, including the individual steps that must be taken. Lopez writes up the

meeting minutes and circulates them to the team.

14. Once provided all of the steps from each group, he combines them in proper execution order based upon the direction provided by others during the Planning Meeting.

15. Lopez then meets with the project team again to set the dates for all of the tasks. Again, he then writes up the meeting minutes and circulates them to the team.

16. Lopez then sits with his manager to review the project plan. After Lopez' manager either accepts the plan as is or makes recommendations to revise the plan, he sends the plan to the Project Sponsor for final approval.

17. Lopez then files the master copy of the plan in the proper database.

18. Lopez then converts the plan from Microsoft Projects software format to Microsoft Excel format.

19. Lopez then sends copies of the plan out to the entire team so everyone is aware of each task and each due date.

20. Finally, Lopez schedules a kickoff meeting where the team reviews the project timeline. He schedules the room, sends invites and prepares a PowerPoint highlighting the plan.

21. After the kickoff meeting, Lopez drafts the meeting minutes and circulates them to team members.

22. Each week, the team meets to review each group's progress. Lopez checks off completed tasks, reminds the team of upcoming deadlines and, once again, writes up meeting minutes and circulates them to the team.

23. Thus, Lopez does not exercise discretion or independent judgment.

24. For example, he does not perform work that affects business operations to a substantial degree, he has no authority to commit BayCare in matters that have significant

financial impact, he has no authority to deviate from established policies and procedures without prior approval, and he has no authority to negotiate or bind BayCare on significant matters.

25. Lopez has no authority to hire, fire, or discipline team members. If Lopez experiences a personnel issue, he is required to escalate it through his manager to the team member's manager.

26. In 2016, BayCare explicitly took away any "management status" from Project Managers, because employees holding those positions had no direct reports, had no authority to hire and fire employees, and had no power to issue performance evaluations.

27. From that point forward, BayCare excluded Lopez from management meetings.

28. When BayCare removed the management status from Project Managers, BayCare confined Lopez and other Project Managers to its policy on non-exempt employees regarding paid time off ("PTO").

29. Specifically, non-exempt employees are required to work six hours before they take leave in order to not be charged PTO. Exempt employees are only required to work three hours.

30. After removing his management status, BayCare required Lopez to comply with the six-hour rule.

31. BayCare was, therefore, aware that Lopez is a non-exempt employee.

32. As a non-exempt employee, BayCare is required to pay Lopez one and one-half times his regular rate for all hours worked in excess of 40 per workweek.

33. At all relevant times, BayCare paid Lopez on a salaried basis without overtime pay, despite the fact that no exemption from the overtime requirements of the FLSA applied to Lopez.

34. Throughout his employment with BayCare, Lopez regularly worked in excess of 40 hours in a workweek.

35. BayCare required, suffered, or permitted Lopez to work in excess of 40 hours in a workweek.

36. BayCare knowingly scheduled and required Lopez to work in excess of 40 hours each week, but refused to pay all hours worked in excess of 40 hours.

37. BayCare has not paid overtime compensation to Lopez for all such hours worked over 40 hours in a workweek.

38. Lopez worked in excess of 40 hours in a workweek while employed by BayCare during the three-year period immediately preceding the filing of this action and was not paid at the overtime rate of one and one-half times his regular rates of pay for such hours.

39. BayCare knew or should have known that Lopez was entitled to receive overtime compensation at the rate of one and one-half times his regular rate for all hours worked in excess of 40 hours in any workweek.

40. BayCare had a duty to maintain accurate time records for all hours Lopez worked and failed to do so.

41. Upon information and belief, BayCare failed to maintain records of the hours worked by the Lopez in violation of the FLSA.

## COUNT I
### (Violation of the FLSA Against BayCare)

42. Lopez hereby incorporates by reference paragraphs 1 through 31 of this Complaint as if set forth completely herein.

43. At all relevant times, BayCare was and is an "employer" and is an enterprise engaged in commerce as defined by 29 U.S.C. §§203(d), 203(s)(1)(B).

44. Lopez is an "employee" of BayCare within the meaning of the FLSA, 29 U.S.C. §201, *et seq.*, and was employed by BayCare since on or about November 2003.

45. Section 207(a)(1) of the FLSA prohibits an employer from employing its employees for a workweek longer than 40 hours unless such employee receives compensation for all hours he or she is employed in excess of 40 hours at a rate not less than one and one-half times the regular rate of pay.

46. BayCare regularly employed Lopez in excess of 40 hours in a workweek, has not paid his at a rate of one and one-half times his regular rates of pay for all hours worked in excess of 40 hours in a workweek, and thus has engaged in a pattern and practice of violating §207 of the FLSA.

47. BayCare's actions were deliberate, willful, and without good faith or any legal justification within the meaning of 29 U.S.C. §216(b).

48. BayCare is liable under the FLSA for failing to properly compensate Lopez.

49. As the direct and proximate result of BayCare's unlawful conduct, Lopez has suffered and will continue to suffer a loss of income and other damages, and is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

50. BayCare's conduct constitutes a willful violation of §255(a) of the FLSA, and it knew and showed reckless disregard of the fact that its compensation practices were in violation of these laws.

51. Lopez has had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this action pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment awarding Lopez unpaid overtime compensation and an additional

   equal amount as liquidated damages;

B. Enter judgment awarding Lopez reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) and post-judgment interest;

C. Enter an injunction to stop BayCare from further violating the FLSA;

D. Order BayCare to implement company-wide FLSA training to ensure compliance with the law;

E. Issue an order related to monitoring of BayCare's FLSA practices; and

F. Grant such other relief as this Court deems just and proper.

## JURY DEMAND

52. Lopez demands a jury trial of all claims so triable.

DATED this 27th day of November, 2019.

        Respectfully submitted,


        s/Cynthia N. Sass
        Cynthia N. Sass, Esquire
        Florida Bar No. 0691320
        Amanda L. Biondolino, Esquire
        Florida Bar No. 1008493
        **SASS LAW FIRM**
        601 West Dr. Martin Luther King, Jr. Blvd
        Tampa, Florida 33603
        Telephone: (813) 251-5599
        Facsimile: (813) 259-9797
        **DESIGNATION OF E-MAIL SERVICE**:
        **Primary**: csass@sasslawfirm.com
        **Secondary**: reception@sasslawfirm.com
            eglotz@sasslawfirm.com
        **Primary**: abiondolino@sasslawfirm.com
        **Secondary**: reception@sasslawfirm.com
            jolney@sasslawfirm.com
        Attorneys for Plaintiff